UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | C.A. No. 3:11-1438-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | GRANTING DEFAULT JUDGMENT |
| HAPPY TEETH, LLC, RICHARD GIBSON, | ) | |
| and MICHAEL GIBSON, individually | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's motion for entry of default judgment. Dkt. No. 30. All Defendants have previously been held in default. *See* Dkt. No. 21 (Richard Gibson and Happy Teeth, LLC, held in default on September 27, 2011); Dkt. No. 29 (Michael Gibson held in default on November 16, 2011). Thus, all Defendants are deemed to have admitted all allegations against them.

Through the present motion, Plaintiff seeks an award of damages which it characterizes as liquidated damages and waives pursuit of any other relief. Dkt. No. 30 at 1. Specifically, Plaintiff seeks "a joint and several judgment against all defendants for $177,401.28 (damages trebled) and additional statutory penalties of $1,650,000 minus $7611.58 (the amount retained by Medicaid) for a total judgment of $1,819,798.70." Dkt. No. 30 at 11.

The deadline for responding to Plaintiff's motion for entry of default judgment has expired. No Defendant has filed any opposition. The matter is, therefore, ripe for resolution on the written record.

**Actual Damages.** Plaintiff calculates its actual damages by multiplying the total improper billings reflected on Exhibit A to the complaint ($84,731) by the percentage paid with federal funds

(69.79 %), arriving at a total of $59,133.76. While these calculations are not found in the complaint itself, they are supported by factual allegations in the complaint and an attached exhibit. *See, e.g.*, Complaint ¶ 5 (setting forth the percentage of federal funds paid); *id.* ¶ 20 (alleging all claims on Exhibit A are fraudulent); *id.* Ex. A (listing claims totaling $84,731). The court, therefore, finds the amount of actual damages as calculated above constitutes liquidated damages properly supported by the complaint, Exhibit A thereto, and Plaintiff's present motion.

**Trebling and Penalties.**  Similarly, while the demand clause states only that Plaintiff is seeking judgment against all Defendants in "an amount of [sic] to be determined at trial for the False Claims Act violations," the text of the Complaint suggests Plaintiff is seeking treble damages and a civil penalty.  *See id.* at Demand; *id.* at ¶ 7 (stating that the False Claims Act authorizes "a civil penalty of not less than $5,500 and not more than $11,000, plus 3 times the amount of damages which the Government sustains because of the act of that person.").

These allegations, coupled with the actual damages allegations summarized above, were sufficient to place Defendants on notice that Plaintiff was seeking treble damages in the amount of $177,401.28 and would also seek imposition of a statutory civil penalty.  However, the amount of the civil penalty now sought was not clearly predicted by the complaint.  As noted above, the only reference in the complaint to a civil penalty is the statement that the False Claims Act authorizes "a civil penalty of not less than $5,500 and not more than $11,000" (with citation to the relevant provision of the statute and regulations).  As there is no further discussion of civil penalties in the complaint, the court finds that these allegations were insufficient to provide clear notice that Plaintiff was seeking the minimum penalty of $5,500 for each of the 300 beneficiaries listed on Exhibit A, particularly *as liquidated damages*.  This, combined with Plaintiff's waiver of any unliquidated damages, persuades the court that it should limit the penalty award to $11,000.

Plaintiff concedes that Defendants are entitled to a credit of $7,611.58.  The total damage award (treble damages of $177,401.28 plus civil penalty of $11,000) will, therefore, be reduced by $7,611.58.

### CONCLUSION

For the reasons set forth above, the court grants default judgment in the amount of $180,789.70, to be entered jointly and severally against all Defendants under Plaintiff's first cause of action for violation of the False Claims Act, 31 U.S.C. § 3729.[1]

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 15, 2011

---

[1] The complaint includes a second cause of action for breach of contract.  Under this cause of action, which is expressly plead in the alternative, Plaintiff seeks liquidated damages in the amount of $74,644.42 which is the amount Defendants promised to pay in settlement of an earlier-filed action relating to the same alleged false claims.  *See* Dkt. No. 1-2 (settlement agreement).  That settlement was expressly conditioned on payment, thus allowing for prosecution of the present action when payment was not made.  *Id.* at 4-5; *see* Complaint ¶¶ 25-28. Plaintiff does not seek and the court does not award any relief under the breach of contract claim.  This claim is, therefore, dismissed with prejudice.